UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIE ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> CLOUDHQ LLC, <br><br> Defendants. | Case No. 24-cv-916 (JMC) |

**MEMORANDUM OPINION**

Plaintiff Marie Anderson, appearing pro se, sues her former employer, Defendant CloudHQ LLC, alleging that "[s]he was discriminated against because she is a Black woman and afraid of dogs" and was "[d]enied [a] long-term reasonable accommodation." ECF 1-2 ¶¶ 1, 3.[1] CloudHQ now moves to dismiss for failure to state a claim, arguing that her allegations do not support a plausible inference of discrimination of any kind nor a failure to accommodate a disability. ECF 6. Anderson opposes, ECF 8, but the Court finds that her claims must be dismissed. Even under the lenient standard applied to pleadings by pro se litigants, Anderson's complaint is insufficient to unlock the doors to discovery, and the admissions in her brief opposing dismissal only sink her claims further. The Court will therefore **GRANT** CloudHQ's motion to dismiss.

I.   BACKGROUND

The complaint's factual allegations are as follows. Anderson is a Black woman who worked as a temporary contractor at CloudHQ. ECF 1-2 ¶ 1. Her contract began on July 11, 2022,

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

and ended on December 2, 2022. *Id.* ¶¶ 1, 3. At the end of Anderson's term, she was not converted into a permanent employee even though she applied to be an "Accounts Payable Specialist," a position for which she was not interviewed. *Id.* ¶ 3. Anderson notes that a person named Ashley Holmes, who "had the same or similar contract," was converted into a permanent employee, but the complaint provides no details about Holmes's qualifications, performance, or personal characteristics. *Id.* ¶ 1. Anderson also alleges that she was "replaced" by someone named Christina Wood, but once again alleges no further information on the matter. *Id.* ¶ 3.

At one point, a "Caucasian male" at CloudHQ named Jared Fox "was given the opportunity to work remotely from Hawaii," which Anderson describes as "unfair treatment." *Id.* ¶ 1. The Court understands Anderson's characterization to imply that Anderson, unlike Fox, was not allowed to work remotely. Assuming that is accurate, the complaint suggests that CloudHQ (which "is a pet-friendly company") denied Anderson (who "is afraid of dogs") a "long-term reasonable accommodation" or otherwise treated her "unfair[ly]" either by failing to convert her into a permanent employee or by denying her the opportunity to work remotely like Fox. *Id.* ¶¶ 1, 3. According to Anderson, "if it [were] known [she] [was] afraid of dogs, she would not have been at CloudHQ LLC." *Id.* ¶ 2.

Anderson sued CloudHQ in D.C. Superior Court on February 20, 2024, seeking "compensatory damages and punitive damages" in the range of "$950,000–$1,000,000." *Id.* ¶ 2. Because Anderson's complaint asserted federal claims under Title VII and the Americans with Disabilities Act (ADA), CloudHQ removed the case to federal court on March 29, 2024, pursuant to 28 U.S.C. §§ 1331, 1441(c), and 1446(a). ECF 1. Shortly thereafter, CloudHQ moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 6. The Court has reviewed the Parties' briefs, *see* ECF 6; ECF 8; ECF 10, and is now prepared to rule on the motion.

## II. LEGAL STANDARD

For a Rule 12(b)(6) motion for failure to state a claim, the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "must accept as true all of the allegations contained in a complaint," but need not do the same for legal conclusions or naked assertions of wrongdoing devoid of supporting facts. *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). As a general rule, in considering a 12(b)(6) motion, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). However, in pro se cases, the Court must consider the pro se litigant's complaint "in light of all filings, including filings responsive to a motion to dismiss." *Brown v. Whole Foods Market Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). Complaints filed by pro se litigants also "must be held to less stringent standards than formal pleadings drafted by lawyers," but still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009).

## III. ANALYSIS

Reading her complaint generously, the Court understands Anderson to assert claims of racial and gender discrimination in violation of Title VII, disability discrimination in violation of the ADA, and failure to provide reasonable accommodations in violation of the ADA. CloudHQ seeks dismissal, but it also argues that this Court may treat its motion as one for summary judgment in order to consider an affidavit submitted by its Vice President of Human Resources, who provides information about Anderson's employment that is beyond the four corners of the complaint. *See*

3

ECF 6 at 2; ECF 6-2. The Court finds no need to consider this external evidence and, in any case, agrees with CloudHQ's principal argument that the complaint fails on its face.

### A. Title VII

Anderson's Title VII claims fail because, at minimum, her allegations do not support a plausible inference of discriminatory intent. "Title VII makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Muldrow v. City of St. Louis*, 144 S. Ct. 967, 974 (2024) (quoting 42 U.S.C. § 2000e-2(a)(1)). Although Anderson "is not required to plead every fact necessary to establish a *prima facie* case of discrimination to survive a Rule 12(b)(6) motion to dismiss, [she] must nevertheless plead sufficient facts to show a plausible entitlement to relief." *Massaquoi v. District of Columbia*, 81 F. Supp. 3d 44, 49 (D.D.C. 2015) (quoting *Jones v. Air Line Pilots Ass'n*, 642 F.3d 1100, 1104 (D.C. Cir. 2011) and *Rodriguez v. Donovan*, 922 F. Supp. 2d 11, 17 (D.D.C. 2013)). Anderson appears to take issue with two employment actions: (1) CloudHQ's failure to hire her as a permanent employee and (2) CloudHQ denying her the opportunity to work remotely, *see* ECF 1-2 ¶¶ 1–3, but the Court agrees with CloudHQ that the complaint does not plausibly suggest that either action was discriminatory, *see* ECF 6-1 at 5–7.

As for the failure to hire, Anderson points to two comparators—Holmes and Wood—but provides no details beyond the fact that they became permanent employees and she did not. Even reading the complaint generously, these unremarkable allegations do not support a plausible inference of discrimination. Further defeating her case, Anderson's opposition to dismissal concedes that both Holmes and Wood are of the same race and the same gender as Anderson. *See*

ECF 8 at 4, 6; ECF 8-1 at 11. Although her opposition mentions that Holmes and Wood are "Black, American" and that Anderson is "Black Jamaican," ECF 8 at 6, her vague gesturing at national origin discrimination does not save her complaint. The Court does not understand her complaint to assert any claim for national origin discrimination, but such a claim could not stand on the sparse and conclusory allegations in her complaint anyway.

Anderson's reliance on her (implied) allegation that she was not allowed to work from home does not support a plausible inference of discrimination either. Notably, Anderson does not explicitly allege that she was denied that privilege. *See generally* ECF 1-2. To the contrary, her opposition to dismissal indicates that she worked remotely for the majority of her time at CloudHQ. *See* ECF 8 at 3. As such, even assuming that Jared Fox was similarly situated to Anderson (which is not alleged either), she has not alleged that they were treated differently at all. Anderson's Title VII claims are therefore **DISMISSED**.

  B. The ADA

Assuming Anderson intended to assert claims disparate treatment and failure to accommodate in violation of the ADA, these claims fail too. Both claims require Anderson to allege that she had a disability within the meaning of the ADA. *See Swanks v. WMATA*, 179 F.3d 929, 934 (D.C. Cir. 1999); *Solomon v. Vilsack*, 763 F.3d 1, 9 (D.C. Cir. 2014). For her disparate treatment claim, she must also show that she was qualified for the position and nonetheless suffered an adverse employment action because of her disability. *Swanks*, 179 F.3d at 934. And for her failure-to-accommodate claim, she must show that her employer knew of her disability, she was capable of performing the essential functions of her job with or without a reasonable accommodation, and her employer denied her request for a reasonable accommodation. *Solomon*,

763 F.3d at 9. The Court agrees with CloudHQ that Anderson's claims fall short of plausibly establishing these elements. *See* ECF 6-1 at 7–10.

As relevant to both of her ADA claims, Anderson does not allege facts sufficient to plausibly establish that being "afraid of dogs" renders her "disabled" within the meaning of the ADA. An individual is considered disabled under the ADA if they have "a physical or mental impairment that substantially limits one or more major life activities," they have "a record of such an impairment," or they have been "regarded as having such an impairment." 42 U.S.C. § 12102(1). The only allegation that has any chance of squeezing Anderson's fear of dogs within that definition is her statement that "CloudHQ LLC is a pet-friendly company," *see* ECF 1-2 ¶ 1, but this isolated, vague allegation is insufficient to plausibly show that her fear substantially limits her in any way as far as the ADA is concerned. That deficiency alone is sufficient to dismiss her ADA claims, but there are several other bases for dismissal.

Once again relevant to both ADA claims, Anderson's complaint strongly suggests (without explicitly stating) that her employer did not actually know that she was afraid of dogs. *See id.* ¶ 2 (alleging that "if it [were] known [she] [was] afraid of dogs, she would not have been at CloudHQ LLC."); *see also* ECF 8 at 10 (opposition to dismissal arguing that CloudHQ disqualifies applicants "if they are afraid of dogs" but that Anderson's "CloudHQ LLC manager forgot to ask Marie Anderson if she is afraid of dogs"). An employer cannot be held liable for a failure to accommodate a disability it did not know about, and this lack of knowledge does not help Anderson's disparate treatment claim either.

There are still additional reasons to dismiss Anderson's complaint. With regard to her failure-to-accommodate claim, the only possible accommodation the Court can identify in the complaint is the ability to work from home. Yet, as described already, Anderson not only fails to

allege that she requested and was denied that accommodation, she outright concedes that she received it. As for her disparate treatment claim, her utter lack of detail with regard to the two women who replaced her does not support a plausible inference of discrimination on the basis of disability. In fact, Anderson seems to concede in her opposition that Holmes—the individual who, unlike Anderson, went from a temporary position to a permanent one—has a disability. *See* ECF 8 at 4 ("Yes, Ashley Holmes is Black American; she is color blind that is the reason her monitors are black and white."). Anderson's ADA claims fail on almost every element, so they must be **DISMISSED**.

\* \* \*

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim, ECF 6, is **GRANTED**, and as a result Plaintiff's complaint is **DISMISSED**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____<br>
JIA M. COBB<br>
United States District Judge

Date: May 14, 2024